

**ORDERED in the Southern District of Florida on April 24, 2025.**

*Scott M. Grossman*

**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re: | Chapter 11 |
| Healthcare Holdings of Florida LLC, *et al.*[1] | Case No. 24-21355-SMG |
| Debtors. | (Jointly Administered) |

**ORDER (I) CONDITIONALLY APPROVING DEBTORS' COMBINED DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PROPOSED JOINT CHAPTER 11 PLANS OF EACH OF HEALTHCARE HOLDINGS OF FLORIDA, LLC AND ITS DEBTOR SUBSIDIARIES AND CWGL HOLDINGS, LLC AND ITS DEBTOR SUBSIDIARIES, AND (III) GRANTING RELATED RELIEF**

---

[1] The Debtors and last four digits of their tax identification numbers are: (i) Healthcare Holdings of Florida LLC (6887); (ii) Healthcare Holdings 9 LLC (3633); (iii) HHMA Holdings LLC (3691); (iv) HHMA LLC (3901); (v) Able Palms Holdings, LLC (9363); (vi) Able Palms Home and Health Care Services, Inc. (3931); (vii) Home Care Resources Holdings, LLC (1385), (viii) Home Care Resources Home Health Agency, LLC (0617), (ix) CWGL Holdings, LLC (1945), (x) Senior Nannies Holdings, LLC (5172), (xi) Senior Nannies Management Services, LLC (5336), (xii) SN Home Healthcare, LLC (9996), (xiii) Senior Nannies Home Care Services, LLC (8991), and (xiv) Senior Advantages Assisted Living Placement Services, LLC (1293). The mailing address of the Debtors is 3313 West Commercial Boulevard, Suite 130, Fort Lauderdale, Florida 33309.

**HEARING ON FINAL APPROVAL OF JOINT DISCLOSURE STATEMENT, CONFIRMATION HEARING AND HEARING ON FEE APPLICATIONS**

**JUNE 10, 2025 at 10:00 a.m.**

**LOCATION:**
**United States Bankruptcy Court**
**299 East Broward Blvd, Courtroom 308**
**Fort Lauderdale, FL 33301**

**PROPONENTS' DEADLINE FOR SERVING THE CONFIRMATION NOTICE:**
**April 30, 2025 (41 days before Combined Hearing)**

**PROPONENTS' DEADLINE FOR SERVING THIS ORDER,**
**DISCLOSURE STATEMENT, PLAN, AND BALLOT:**
**May 2, 2025 (39 days before Combined Hearing)**

**DEADLINE FOR FEE APPLICATIONS:**
**May 27, 2025 (14 calendar days before Combined Hearing)**

**DEADLINE FOR FILING MOTIONS PURSUANT TO RULE 3018(A):**
**May 27, 2025 (14 calendar days before Combined Hearing)**

**DEADLINE FOR FILING BALLOTS ACCEPTING OR REJECTING PLAN:**
**May 30, 2025 (11 calendar days before Combined Hearing)**

**DEADLINE FOR OBJECTIONS TO CONFIRMATION:**
**June 3, 2025 (7 calendar days before Combined Hearing)**

**DEADLINE FOR OBJECTIONS TO FINAL APPROVAL OF THE**
**DISCLOSURE STATEMENT:**
**June 3, 2025 (7 calendar days before Combined Hearing)**

**PROPONENTS' DEADLINE FOR FILING**
**PROPONENTS' REPORT AND CONFIRMATION AFFIDAVIT:**
**June 3, 2025 (7 business days before Combined Hearing)**

THE MATTER came before the Court for hearing on April 23, 2025 upon the motion [Docket No. 210] (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors" or the "Proponents") for entry of an order (the "Order") (i) conditionally approving

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

the Disclosure Statement, (ii) scheduling a combined final Disclosure Statement approval and Plan confirmation hearing (the "Combined Hearing"), (iii) establishing Plan and Disclosure Statement objection and reply deadlines and related deadlines and procedures, (iv) approving the Confirmation Hearing Notice, and (v) granting related relief, as more specifically set out in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors their estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Disclosure Statement contains adequate information as that term is defined in Bankruptcy Code § 1125 and is **<u>conditionally</u>** approved to be used in connection with the post-petition solicitation of votes to accept or reject the Plans.

3.      The Proponents are hereby authorized to engage in the solicitation of votes on the Plans.

## DEADLINE FOR FILING BALLOTS ACCEPTING OR REJECTING PLANS

4.      May 30, 2025 is fixed as the last day for filing written acceptances or rejections of the Plans referred to above (11 calendar days before the Combined Hearing).

## PLAN PROPONENTS' OBLIGATIONS

5.      On or before the date indicated above as "PROPONENTS' DEADLINE FOR SERVING THIS ORDER, DISCLOSURE STATEMENT, PLAN, AND BALLOT" the Proponents shall serve: (i) a copy of this order, the conditionally approved Disclosure Statement, and the Plans on all Holders of Claims and Interests entitled to vote on the Plans, the United States Trustee, and the Internal Revenue Service, (ii) a copy of this order to all holders of Claims and Interests not eligible to vote on the Plans because they are presumed to have accepted or rejected the Plan as set forth in the Motion, (iii) a copy of this order and the Confirmation Notice to all persons on the master mailing matrix and all other parties-in-interest that filed a request for notices under Bankruptcy Rule 2002 in these chapter 11 cases who are not Holders of a Claim or Interest.  At the time of serving this order, the Ballots, customized as required by Local Rule 3018-1, shall be served via U.S. Mail on all creditors and equity security holders entitled to vote on the Plans.

6.      On or before 5:00 p.m. on the date indicated above as "PROPONENTS' DEADLINE FOR FILING PROPONENTS' REPORT AND CONFIRMATION AFFIDAVIT," the Proponents shall file with the court the Local Form "Certificate of Proponent of Plan on Acceptance of Plan, Report on Amount to be Deposited, Certificate of Amount Deposited and Payment of Fees," the Local Form "Confirmation Affidavit," and any other memoranda, briefs, documents, or any other papers in support of confirmation of the Plans and/or final approval of the Disclosure Statement.  The "Confirmation Affidavit" shall set forth the facts upon which the Proponents rely to establish that each of the requirements of 11 U.S.C. §1129 are satisfied.  The

4

"Confirmation Affidavit" should be prepared so that by reading it the court can easily understand the significant terms of the Plans and other material facts relating to confirmation of the Plans. The individual executing the "Confirmation Affidavit" shall be present at the Combined Hearing.

7.      If the Proponents do not timely comply with any of the requirements of this order, the court may impose sanctions at the Combined Hearing, without further notice, including dismissal, conversion of the case to chapter 7, or the striking of the Plans. The court will also consider dismissal or conversion at the Combined Hearing at the request of any party or on the court's own motion.

**ADDITIONAL NOTICE AND SOLICITATION PROCEDURES**

8.      The form of the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1-A**, and solicitation procedures in connection therewith are approved.

9.      The form of the proposed Ballots, substantially in the form attached hereto as **Exhibit 1-B** and **1-C**, and the Voting & Tabulation Procedures in connection therewith are approved.

10.     The content and proposed distribution of the Solicitation Packages, and the proposed service thereof, are approved.

11.     The Debtors are authorized to make non-substantive changes to the Disclosure Statement, Plans, Confirmation Hearing Notice, Solicitation Packages, Ballots, Solicitation and Voting Procedures, Voting & Tabulation Procedures, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plans, and any other materials in the Solicitation Packages before distribution.

## TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES

12.     If you receive a ballot but your entire claim has been objected to, you will not have the right to vote until the objection is resolved, unless you request an order under Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes by the date indicated above as "DEADLINE FOR FILING MOTIONS PURSUANT TO RULE 3018(A)".

## COMBINED HEARING TO CONSIDER CONFIRMATION OF PLANS

13.     The hearing on final approval of the Disclosure Statement and confirmation of the Plans has been set for the date and time indicated above as "COMBINED HEARING."

14.     June 3, 2025 is fixed as the last day for filing and serving written objections to the Disclosure Statement and confirmation of the Plans (7 calendar days before the Combined Hearing).  Objections shall be served as required by Local Bankruptcy Rule 3017-1(A) and served on: (i) counsel to the Debtors, Joseph A. Pack, Esq. and Jessey J. Krehl, Esq., c/o Pack Law, 51 Northeast 24th Street, Suite 108, Miami, Florida 33137 or at joe@packlaw.com and jessey@packlaw.com; (ii) counsel to INB, N.A., Peter Levitt, Esq. and Vincent Alexander, Esq. c/o Shutts & Bowen, 200 South Biscayne Boulevard, Suite 4100 Miami, FL 33131 or at PLevitt@shutts.com and VAlexander@shutts.com; and (iii) the Office of the United States Trustee at 51 SW 1st Avenue, Room 1202, Miami, Florida, 33130 c/o Martin P. Ochs, Esq. or at martin.p.ochs@usdoj.gov.

## DEADLINE FOR FILING AND HEARING ON FEE APPLICATIONS

15.     The last day for filing and serving fee applications is indicated above as "DEADLINE FOR FEE APPLICATIONS."  All prospective applicants for compensation, including attorneys, accountants, and other professionals, shall file applications which include actual time and costs, plus an estimate of additional time and costs to be incurred through confirmation.  At or prior to confirmation, applicants must file a supplement with documentation

supporting the estimated time and costs.  Fee applications shall be timely filed with the court and served (with all exhibits including documentation of estimated time) on (i) the Debtors; (ii) the plan proponent (if other than the debtor); (iii) all committees; (iv) any chapter 11 trustee or examiner; and (v) the U.S. Trustee.

16.     Fee applications will be set for hearing together with the Combined Hearing.

17.     The Proponents are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

## EVIDENCE

18.     The Combined Hearing is an evidentiary hearing even when confirmation is uncontested.[3] Therefore, the Proponents and any objecting party, if applicable, must file with the Court an Exhibit Register and upload any exhibits the Proponents or objecting party intends to introduce into evidence at the confirmation hearing pursuant to Local Rule 9070-1, by the deadline listed above.  Notwithstanding Local Rule 9070-1(A)(3), however, any objections to the admissibility of any proposed exhibits for the confirmation hearing need not be filed in advance, and instead may be raised for the first time at the confirmation hearing.

19.     To the extent this Order is inconsistent with any other prior order or papers with respect to the Motion in these cases, the terms of this Order shall govern.

20.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

###

---

[3]  Under Federal Rule of Bankruptcy Procedure 3020(b)(2), the Court may determine that the Plans have been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues, if no objection to confirmation is timely filed.

7

**Submitted by:**
Jessey J. Krehl, Esq.
*Counsel for the Debtors and Debtors-in-Possession*
Pack Law, P.A.
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Tel: 305-916-4500
Email: jessey@packlaw.com

Attorney Jessey J. Krehl, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF pursuant to applicable rules.

**<u>Exhibit 1-A to the Order</u>**

**Confirmation Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: **)** | |
| **)** | Chapter 11 |
| Healthcare Holdings of Florida LLC, *et al.*[1] **)** | |
| **)** | Case No. 24-21355-SMG |
| **)** | |
| Debtors. **)** | (Jointly Administered) |
| **)** | |

**NOTICE OF (I) COMBINED HEARING ON THE FINAL APPROVAL OF COMBINED DISCLOSURE STATEMENT, CONFIRMATION OF THE CHAPTER 11 PLANS, AND RELATED MATTERS, AND (II) RELATED OBJECTION AND BRIEFING DEADLINES**

**NOTICE IS HEREBY GIVEN** as follows:

On October 30, 2024, (the "Petition Date"), the above-captioned debtors (the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). On April 16, 2025, the Debtors filed two proposed chapter 11 plans, one each for Healthcare Holdings of Florida, LLC and its Debtor subsidiaries [Docket No. 206] (the "HHF Plan") and for CWGL Holdings, LLC and its Debtor subsidiaries [Docket No. 207] (the "CWGL Plan" and together with the HHF Plan, the "Plans"). The same day, the Debtors proposed a combined disclosure statement [Docket No. 205] (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code. Copies of the Plans and the Disclosure Statement may be obtained upon request of the Debtors' undersigned counsel or at the Bankruptcy Court's website, https://www.flsb.uscourts.gov, via the CM/ECF system.[2]

---

[1] The Debtors and last four digits of their tax identification numbers are: (i) Healthcare Holdings of Florida LLC (6887); (ii) Healthcare Holdings 9 LLC (3633); (iii) HHMA Holdings LLC (3691); (iv) HHMA LLC (3901); (v) Able Palms Holdings, LLC (9363); (vi) Able Palms Home and Health Care Services, Inc. (3931); (vii) Home Care Resources Holdings, LLC (1385), (viii) Home Care Resources Home Health Agency, LLC (0617), (ix) CWGL Holdings, LLC (1945), (x) Senior Nannies Holdings, LLC (5172), (xi) Senior Nannies Management Services, LLC (5336), (xii) SN Home Healthcare, LLC (9996), (xiii) Senior Nannies Home Care Services, LLC (8991), and (xiv) Senior Advantages Assisted Living Placement Services, LLC (1293). The mailing address of the Debtors is 3313 West Commercial Boulevard, Suite 130, Fort Lauderdale, Florida 33309.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plans. The statements contained herein are summaries of the provisions contained in the Plans and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. To the extent there is a discrepancy between the terms herein and the Plans or Disclosure Statement, the Plans or Disclosure Statement, as applicable, shall govern and control.

## INFORMATION REGARDING THE PLANS AND DISCLOSURE STATEMENT

**Voting Record Date**. The date for determining Date for determining (i) which holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plans and (ii) whether Claims have been properly assigned or transferred to an assignee under Bankruptcy Rule 3001(e) such that the assignee or transferee, as applicable, can vote to accept or reject the Plans as the holder of a Claim (the "Voting Record Date"), is **April 25, 2025**.

**Objections to the Plan and Disclosure Statement**. The deadline for filing objections (each, an "Objection") to the confirmation of the Plans and final approval of the Disclosure Statement, or any proposed assumption or rejection of Executory Contracts and Unexpired Leases therein, is **June 3, 2025 at 4:00 p.m., prevailing Eastern Time** (the "Objection Deadline"). Any such Objections must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such objections; and (e) be filed with the Court with proof of service thereof and served upon (i) the Office of the United States Trustee for the Southern District of Florida; (ii) the Debtors' creditors and certain other parties in interest, and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"),   so as to be actually received by the Objection Deadline.

Objections must be filed with the Bankruptcy Court and served so as to be *actually received* no later than the Objection Deadline, by those parties who have filed a notice of appearance in the Debtors' Chapter 11 Cases as well as the following parties:

| | |
|---|---|
| **The Debtors or Reorganized Debtors** | **Healthcare Holdings of Florida, LLC,** *et al.* 3313 West Commercial Boulevard Suite 130 Fort Lauderdale, Florida 33309 Attn.: Claudia Wechter and Gary Loffredo |
| **Counsel to the Debtors or Reorganized Debtors** | **Pack Law** 51 NE 24th Street Suite 108 Miami, FL 33137 Attn.: Joseph Pack, Esq. and Jessey Krehl, Esq. Email: joe@packlaw.com; jessey@packlaw.com |
| **United States Trustee** | **Office of the United States Trustee for the Southern District of Florida** 51 SW First Avenue Room 1204 Miami, FL 33130 Attn.: Martin P. Ochs, Esq. Email: Martin.P.Ochs@usdoj.gov |

2

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLANS, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

### Summary of Plan Treatment

The following chart summarizes the treatment provided by the Plan to each class of Claims against and Interests in the Debtors, and indicates the voting status of each class.

| Class | Description | Treatment | Entitled to Vote |
|---|---|---|---|
| Claims Uniformly Treated Under the Plans | | | |
| 1 | Other Secured Claims | Unimpaired | No (Deemed to Accept) |
| 2 | Priority Non-Tax Claims | Unimpaired | No (Deemed to Accept) |
| Classes of Claims and Interests under the HHF Plan | | | |
| 3-A | INB Term Loan Claims | Unimpaired | No (Deemed to Accept) |
| 3-B | INB Revolving Loan Claims | Impaired | Yes |
| 4 | General Unsecured Claims | Unimpaired | No (Deemed to Accept) |
| 5 | Existing HHF Equity Interests | Unimpaired | No (Deemed to Accept)[3] |
| 6 | Existing Subsidiary Equity Interests | Unimpaired | No (Deemed to Accept) |
| Classes of Claims and Interests under the CWGL Plan | | | |
| 3 | INB Secured Claims | Impaired | Yes |
| 4 | General Unsecured Claims | Impaired | Yes |
| 5 | Amazing Glove Claims | Impaired | Yes |
| 6 | Disco Claims | Impaired | Yes |
| 7 | Class B Shareholder Claims | Impaired | No (Disputed Claims)[4] |
| 8 | Class A Shareholder Claims | Impaired | No (Deemed to Reject) |
| 9 | Intercompany Claims | Impaired | No (Deemed to Reject) |
| 10 | Existing Equity Interests | Impaired | No (Deemed to Reject) |

---

[3] The Debtors maintain that Class 5 Existing HHF Equity Interests are Unimpaired under the HHF Plan and not entitled to vote.  Nevertheless, because the value of Existing HHF Equity Interests will be impacted by the Restructuring Transactions set forth in the HHF Plan, the Holders of Class 5 Existing HHF Equity Interests will be provided provisional ballots to vote on the HHF Plan, but those ballots shall not count toward confirmation of the Plans unless the Bankruptcy Court orders otherwise

[4] As of the date hereof, there are no Allowed Class 7 Class B Shareholder Claims, and Holders of the same are accordingly not entitled to vote.  The Debtors shall issue provisional ballots to the Holders of Class B Shareholder Claims, but those ballots shall not count toward confirmation of the Plans unless the Bankruptcy Court orders otherwise.

**Discharge, Injunction, Exculpation, and Releases**

Please be advised that the Plans contain certain release, exculpation, discharge, and injunction provisions as follows:

Relevant Definitions

"Released Party" means, collectively, each of the following in their respective capacities as such: (a) all of the Debtors' employees, officers, managers, and directors, including any such persons or Entities retained pursuant to section 363 of the Bankruptcy Code; and (b) with respect to each of the foregoing Persons and Entities in clause (a), such Person's or Entity's predecessors, successors and assigns, subsidiaries, Affiliates, and all of their respective current and former officers, managers, directors, principals, direct and indirect shareholders, direct and indirect members, and employees.

"Releasing Party" means, collectively, each of the following in their respective capacities as such: (a) the Debtors and the Reorganized Debtors; (b) with respect to each of the foregoing Entities in clause (a), such Entities' predecessors, successors and assigns, and all of their respective current and former officers, managers, directors, principals, direct and indirect members, employees, management companies, agents and other professionals, and such persons' respective heirs, executors, estates, servants and nominees; and (c) without limiting the foregoing, each holder of a Claim against or Interest in the Debtors.

Discharge of Claims and Termination of Interests

**Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or in any contract, instrument, or other agreement or document created pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in exchange for and in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in, the Debtors or any of its assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors prior to the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (a) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to section 501 of the Bankruptcy Code; (b) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (c) the holder of such a Claim or Interest has accepted the Plan.  The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the occurrence of the Effective Date**

4

Releases by the Debtors

**Notwithstanding anything contained in this Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party, Disco Volante Ventures, LLC, Grumble Holdings, LLC, Andrew Shook, Amity Healthcare Holdings, LLC, NXPATH, LLC, and Amazing Glove SDN.BHD is deemed released and discharged by the Debtors, the Reorganized Debtors, their Estates, and their Releasing Parties from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtors, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, the Debtors or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including management, ownership, or operation thereof), the Debtors' in- or out-of-court restructuring efforts, the Chapter 11 Cases, the Disclosure Statement, the Plans, the Restructuring Transaction,  release, or other Plan Transaction Document, agreement, or document created or entered into in connection with the Disclosure Statement, or the Plans, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plans, or the distribution of property under the Plans or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted actual fraud or gross negligence.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plans, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement(s)) Reinstated with respect to, or executed to implement, the Plans.**

Releases by Holders of Claims and Interests

**Notwithstanding anything contained in this Plan to the contrary, and in all respects subject to the Amazing Glove Settlement and HHF Plan Sponsor Parties Settlement, as of the Effective Date, for good and valuable consideration, each Releasing Party is deemed to have released and discharged each Released Party from any and all Causes of Action that could be brought by or on behalf of any of the Debtors or their Estates, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including management, ownership, or operation thereof), the Debtors' in- or out-of-court restructuring efforts, the Chapter 11 Cases, the Disclosure Statement, the Plans, or the Restructuring Transaction, contract, instrument, release, or other Plan Transaction Document, agreement, or document created or entered into in connection with the Disclosure Statement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plans, or the distribution of property under the Plans or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a**

Released Party to the extent such act or omission is determined by a Final Order to have constituted actual fraud or gross negligence.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any Person or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) Reinstated with respect to, or executed to implement the Plan.  For the avoidance of doubt, other than the releases set forth in the Amazing Glove Settlement and HHF Plan Sponsor Parties Settlement, nothing in this Plan shall release, waive or otherwise limit the rights of all Persons and Entities who have held, hold, or may hold direct, independent Claims against any non-Debtor party.

Exculpation

The Exculpated Parties shall neither have, nor incur any liability to any Entity for any postpetition act taken or omitted to be taken in connection with, or related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming or effecting the Consummation of the Plans, the Disclosure Statement, or any contract, instrument, release or other agreement or document created or entered into in connection with the Plans or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors; provided, however, that the foregoing "Exculpation" shall have no effect on the liability of any Entity that results from any such act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct; provided, further, that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning his, her or its duties pursuant to, or in connection with, the Plan; provided, further, that the HHF Plan Sponsors and CWGL Plan Sponsors shall not be exculpated from such party's obligations under the Amazing Glove Settlement, the HHF Plan Sponsor Parties Settlement, the Plan, or any related documents or orders of the Bankruptcy Court.  Notwithstanding anything herein to the contrary, nothing in the Plan or the Confirmation Order shall release, eliminate, exculpate, discharge or limit the rights and remedies that any Holder of a Claim or Interest may have against any non-Debtor person or entity for any act, omission, matter or thing that occurred prior to the Petition Date.

Injunction

Except as otherwise expressly provided in the Plans or for obligations issued or required to be paid pursuant to the Plans or the Confirmation Order(s), all Entities who have held, hold, or may hold claims or interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, or the Released Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (d)

6

**asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such holder has filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plans. Provided, however, and for the avoidance of doubt, nothing in the Plans shall in any way hinder, delay, or affect the rights of any party to any of the Amazing Glove Settlement and the HHF Plan Sponsor Parties Settlement or for INB to enforce its rights under any of the loan documents issued in connection with the Plans, to the extent not inconsistent with the Plans.**

Release of Liens

**Except (a) with respect to the Liens securing Other Secured Claims (depending on the treatment of such Claims) and INB Secured Loan Claims (with respect to the CWGL Plan) and INB Revolving Loan Claims (with respect to the HHF Plan), or (b) as otherwise provided herein or in any contract, instrument, release, or other agreement or document created pursuant to the Plans, on the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates shall be fully released and discharged, and the Holders of such mortgages, deeds of trust, Liens, pledges, or other security interests shall execute such documents as may be reasonably requested by the Debtors or the Reorganized Debtors, as applicable, to reflect or effectuate such releases, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns.**

## Hearing on Confirmation of the Plan and the Adequacy of the Disclosure Statement

The hearing (the "Confirmation Hearing") will be held before the Honorable Scott M. Grossman, United States Bankruptcy Judge for the Southern District of Florida, on **June 10, 2025, at 10:00 a.m., prevailing Eastern Time, U.S. Courthouse, 299 E Broward Blvd., Courtroom 308 (SMG), Fort Lauderdale, Florida 33301**, to consider the adequacy of the Disclosure Statement on a final basis, any objections to the Disclosure Statement, confirmation of the Plans, any objections thereto, any objections to any proposed assumption or rejection of Executory Contracts and Unexpired Leases through the Plan, and any other matter that may properly come before the Bankruptcy Court. Please be advised that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtor without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on parties entitled to notice.

Dated: April 23, 2025

Respectfully submitted,

**PACK LAW**
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By: */s/ Joseph A. Pack*
Joseph A. Pack
Email: joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl, Esq.
Email: jessey@packlaw.com
Florida Bar No.: 1025848
Jorge A. Sanz
Email: jorge@packlaw.com
Florida Bar No.: 1015622

*Counsel to the Debtors and Debtors in Possession*

8

**<u>Exhibit 1-B to the Order</u>**

**Form of Ballots**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Chapter 11 |
| Healthcare Holdings of Florida LLC, *et al.*[1] | ) | |
| | ) | Case No. 24-21355-SMG |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT DEBTORS' JOINT PLAN**
**OF [HEALTHCARE HOLDINGS OF FLORIDA, LLC OR CWGL HOLDINGS, LLC] AND ITS**
**DEBTOR SUBSIDIARIES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS [3-B, 3, 4, 5, OR 6] ALLOWED [NAME OF CLAIM OR INTEREST]**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR**
> **COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**
>
> **IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT**
> **MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS**
> **TO BE <u>ACTUALLY RECEIVED</u> BY [_____], 2025 AT 4:00 P.M.**
> **PREVAILING EASTERN TIME (THE "VOTING DEADLINE")**
> **IN ACCORDANCE WITH THE FOLLOWING:**

If you are the Holder of an Allowed [Name of Claim or Interest] (Class [3-B, 3, 4, 5, or 6]), please use this ballot (this "Class [3-B, 3, 4, 5, or 6] Ballot" or "Ballot") to cast your vote to accept or reject the *Joint Plan of [Healthcare Holdings of Florida, LLC or CWGL Holdings, LLC] and its Debtor Subsidiaries Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented, the "[HHF or

---

[1] The Debtors and last four digits of their tax identification numbers are: (i) Healthcare Holdings of Florida LLC (6887); (ii) Healthcare Holdings 9 LLC (3633); (iii) HHMA Holdings LLC (3691); (iv) HHMA LLC (3901); (v) Able Palms Holdings, LLC (9363); (vi) Able Palms Home and Health Care Services, Inc. (3931); (vii) Home Care Resources Holdings, LLC (1385), (viii) Home Care Resources Home Health Agency, LLC (0617), (ix) CWGL Holdings, LLC (1945), (x) Senior Nannies Holdings, LLC (5172), (xi) Senior Nannies Management Services, LLC (5336), (xii) SN Home Healthcare, LLC (9996), (xiii) Senior Nannies Home Care Services, LLC (8991), and (xiv) Senior Advantages Assisted Living Placement Services, LLC (1293). The mailing address of the Debtors is 3313 West Commercial Boulevard, Suite 130, Fort Lauderdale, Florida 33309.

CWGL] Plan"),[2] which is being proposed by the above-captioned debtors and debtors in possession (the "Debtors").  The [HHF or CWGL] Plan is included in the solicitation package distributed herewith.

You should review the [HHF or CWGL] Plan before you vote. You may wish to seek legal advice concerning the [HHF or CWGL] Plan and your classification and treatment under the [HHF or CWGL] Plan.  Your [claim or interest] has been placed in Class [3-B, 3, 4, 5, or 6] under the [HHF or CWGL] Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by the Bankruptcy Court (either  electronically by registered users or conventionally at 299 E. Broward Blvd., Room 112, Ft. Lauderdale, FL 33301), consistent with Local Rule 3018-1, on or before [_____], 2025, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the [HHF or CWGL] Plan.

**IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT,
IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

**THE VOTING DEADLINE IS [__], 2025.**

**Item 1**.  **The [Class 3-B, 3, 4, 5, or 6 Claim or Interest].**

| [Claimant or Interest Holder]: _____ | [Claim Amount or Interest Percentage]: [$ or %] _____ |
| --- | --- |

**Item 2**.  **Vote on [HHF or CWGL] Plan.**

The Holder of the Claim set forth in Item 1 votes to (please check only one; check neither to abstain):

| ☐ **ACCEPT** (vote FOR) the [__] Plan            ☐      **REJECT** (vote AGAINST) the [__] Plan |
| --- |

**Item 3**.  **Important Information Regarding the Proposed Releases.**

Important Information Regarding the Proposed Releases (including the Proposed Releases by Holders of Claims and Interests) are excerpted from the [HHF or CWGL] Plan below; please review the [HHF or CWGL] Plan and the Disclosure Statement in full.  Moreover, please be advised that the language of the proposed releases included herein may be materially modified at such time that the Plan is confirmed.

**Key Definitions**

"Released Party" means, collectively, each of the following in their respective capacities as such: (a) all of the Debtors' employees, officers, managers, and directors, including any such persons or Entities retained pursuant to section 363 of the Bankruptcy Code; and (b) with respect to each of the foregoing Persons and Entities in clause (a), such Person's or Entity's predecessors,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning as ascribed to such terms in the Plan.

2

successors and assigns, subsidiaries, Affiliates, and all of their respective current and former officers, managers, directors, principals, direct and indirect shareholders, direct and indirect members, and employees.

"Releasing Party" means, collectively, each of the following in their respective capacities as such: (a) the Debtors and the Reorganized Debtors; (b) with respect to each of the foregoing Entities in clause (a), such Entities' predecessors, successors and assigns, and all of their respective current and former officers, managers, directors, principals, direct and indirect members, employees, management companies, agents and other professionals, and such persons' respective heirs, executors, estates, servants and nominees; and (c) without limiting the foregoing, each holder of a Claim against or Interest in the Debtors.

<u>Releases by Holders of Claims and Interests</u>

**Notwithstanding anything contained in this Plan to the contrary, and in all respects subject to the Amazing Glove Settlement and HHF Plan Sponsor Parties Settlement, as of the Effective Date, for good and valuable consideration, each Releasing Party is deemed to have released and discharged each Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including management, ownership, or operation thereof), the Debtors' in- or out-of-court restructuring efforts, the Chapter 11 Cases, the Disclosure Statement, the Plans, or the Restructuring Transaction, contract, instrument, release, or other Plan Transaction Document, agreement, or document created or entered into in connection with the Disclosure Statement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plans, or the distribution of property under the Plans or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted actual fraud or gross negligence. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any Person or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) Reinstated with respect to, or executed to implement the Plan. Notwithstanding anything to the contrary contained herein, other than the releases set forth in the Amazing Glove Settlement and HHF Plan Sponsor Parties Settlement, nothing in this Plan shall release, waive or otherwise limit the rights of all Persons and Entities who have held, hold, or may hold direct, independent Claims against any non-Debtor party.**

3

**Item 4**.  **Certifications.**

By signing this Class [3-B, 3, 4, 5, or 6] Ballot, the undersigned Entity or Individual certifies to the Bankruptcy Court and the Plan Proponents that:

(a)     the Entity or Individual is the Holder of the [Claim or Interest] being voted; or (ii) the Entity or Individual is an authorized signatory for an Entity or Individual that is a Holder of the [Claim or Interest] being voted;

(b)     the Entity or Individual (or in the case of an authorized signatory, the Holder) has received the Plan and associated solicitation package and acknowledges that this solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     no other Class [3-B, 3, 4, 5, or 6] Ballots with respect to the amount of the [Claim or Interest] identified in Item 1 have been cast or, if any other Class [3-B, 3, 4, 5, or 6] Ballots have been cast with respect to such Claim, then any such earlier Class [3-B, 3, 4, 5, or 6] Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND DELIVER IT TO THE BANKRUPTCY COURT, EITHER  ELECTRONICALLY (BY REGISTERED USERS) OR CONVENTIONALLY AT:**

CLERK OF UNITED STATES BANKRUPTCY COURT
299 E. BROWARD BLVD., ROOM 112
FT. LAUDERDALE, FL 33301

IF THE BANKRUPTCY COURT DOES NOT **ACTUALLY RECEIVE** THIS CLASS [3-B, 3, 4, 5, OR 6] BALLOT **ON OR BEFORE [__], 2025** (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTE TRANSMITTED BY THIS CLASS [3-B, 3, 4, 5, OR 6] BALLOT MAY NOT BE COUNTED TOWARD CONFIRMATION OF THE PLAN.

**Exhibit 1-C to the Order**

**Form of Provisional Ballots**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | )   Chapter 11 |
| Healthcare Holdings of Florida LLC, *et al.*[1] | ) |
|  | ) |
|  | )   Case No. 24-21355-SMG |
|  | ) |
| Debtors. | )   (Jointly Administered) |
|  | ) |

*PROVISIONAL* **BALLOT FOR VOTING TO ACCEPT OR REJECT DEBTORS' JOINT PLAN OF [HEALTHCARE HOLDINGS OF FLORIDA, LLC OR CWGL HOLDINGS, LLC] AND ITS DEBTOR SUBSIDIARIES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS [5 OR 7] ALLOWED [NAME OF CLAIM OR INTEREST]**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**
>
> **THIS IS A PROVISIONAL BALLOT ONLY. AS THE HOLDER OF A CLASS [5 OR 7] ALLOWED [NAME OF CLAIM OR INTEREST] YOU ARE NOT ENTITLED TO A VOTE.**
>
> **IRRESPECTIVE OF YOUR COMPLETION OF THIS BALLOT, YOUR VOTE SHALL NOT COUNT TOWARD CONFIRMATION OF THE [HHF OR CWGL] PLAN UNLESS THE BANKRUPTCY COURT ORDERS OTHERWISE.**

If you are the Holder of an Allowed [Name of Claim or Interest] (Class [5 or 7]), please use this ballot (this "Class [5 or 7] Ballot" or "Ballot") to cast your *provisional* vote to accept or reject the *Joint Plan of [Healthcare Holdings of Florida, LLC or CWGL Holdings, LLC] and its Debtor Subsidiaries Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented, the "[HHF or CWGL] Plan"),[2] which is being proposed by the above-captioned debtors and debtors in possession (the "Debtors").

---

[1] The Debtors and last four digits of their tax identification numbers are: (i) Healthcare Holdings of Florida LLC (6887); (ii) Healthcare Holdings 9 LLC (3633); (iii) HHMA Holdings LLC (3691); (iv) HHMA LLC (3901); (v) Able Palms Holdings, LLC (9363); (vi) Able Palms Home and Health Care Services, Inc. (3931); (vii) Home Care Resources Holdings, LLC (1385), (viii) Home Care Resources Home Health Agency, LLC (0617), (ix) CWGL Holdings, LLC (1945), (x) Senior Nannies Holdings, LLC (5172), (xi) Senior Nannies Management Services, LLC (5336), (xii) SN Home Healthcare, LLC (9996), (xiii) Senior Nannies Home Care Services, LLC (8991), and (xiv) Senior Advantages Assisted Living Placement Services, LLC (1293). The mailing address of the Debtors is 3313 West Commercial Boulevard, Suite 130, Fort Lauderdale, Florida 33309.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning as ascribed to such terms in the Plan.

The [HHF or CWGL] Plan is included in the solicitation package distributed herewith.  Your vote will _**not**_ count toward the confirmation of the [HHF or CWGL] Plan unless the Bankruptcy Court orders otherwise.

You should review the [HHF or CWGL] Plan before you cast your *provisional* vote. You may wish to seek legal advice concerning the [HHF or CWGL] Plan and your classification and treatment under the [HHF or CWGL] Plan.  Your [claim or interest] has been placed in Class [5 or 7] under the [HHF or CWGL] Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

You should submit your *provisional* ballot to the Bankruptcy Court (either  electronically by registered users or conventionally at 299 E. Broward Blvd., Room 112, Ft. Lauderdale, FL 33301), consistent with Local Rule 3018-1, on or before [_____], 2025.  Your vote will not count as either an acceptance or rejection of the [HHF or CWGL] Plan, irrespective of how or when you vote, unless the Bankruptcy Court orders otherwise.

**THIS IS A PROVISIONAL BALLOT. IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE AND IRRESPECTIVE OF HOW YOU VOTE.**

**THE VOTING DEADLINE IS [__], 2025.**

**Item 1**.  **The [Class 5 or 7 Claim or Interest].**

| [Claimant or Interest Holder]:<br>_____ | This is a provisional ballot only.  Your Class is not entitled to vote. No amount is included. |
|---|---|

**Item 2**.  *Provisional* **Vote on [HHF or CWGL] Plan.**

The Holder of the Claim set forth in Item 1 votes to (please check only one; check neither to abstain):

☐ **ACCEPT** (vote FOR) the [__] Plan          ☐    **REJECT** (vote AGAINST) the [__] Plan

**Item 3**.  **Important Information Regarding the Proposed Releases.**

Important Information Regarding the Proposed Releases (including the Proposed Releases by Holders of Claims and Interests) are excerpted from the [HHF or CWGL] Plan below; please review the [HHF or CWGL] Plan and the Disclosure Statement in full.  Moreover, please be advised that the language of the proposed releases included herein may be materially modified at such time that the Plan is confirmed.

**Key Definitions**

"Released Party" means, collectively, each of the following in their respective capacities as such: (a) all of the Debtors' employees, officers, managers, and directors, including any such persons or Entities retained pursuant to section 363 of the Bankruptcy Code; and (b) with respect to each of the foregoing Persons and Entities in clause (a), such Person's or Entity's predecessors, successors and assigns, subsidiaries, Affiliates, and all of their respective current and former

2

officers, managers, directors, principals, direct and indirect shareholders, direct and indirect members, and employees.

"Releasing Party" means, collectively, each of the following in their respective capacities as such: (a) the Debtors and the Reorganized Debtors; (b) with respect to each of the foregoing Entities in clause (a), such Entities' predecessors, successors and assigns, and all of their respective current and former officers, managers, directors, principals, direct and indirect members, employees, management companies, agents and other professionals, and such persons' respective heirs, executors, estates, servants and nominees; and (c) without limiting the foregoing, each holder of a Claim against or Interest in the Debtors.

### Releases by Holders of Claims and Interests

**Notwithstanding anything contained in this Plan to the contrary, and in all respects subject to the Amazing Glove Settlement and HHF Plan Sponsor Parties Settlement, as of the Effective Date, for good and valuable consideration, each Releasing Party is deemed to have released and discharged each Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including management, ownership, or operation thereof), the Debtors' in- or out-of-court restructuring efforts, the Chapter 11 Cases, the Disclosure Statement, the Plans, or the Restructuring Transaction, contract, instrument, release, or other Plan Transaction Document, agreement, or document created or entered into in connection with the Disclosure Statement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plans, or the distribution of property under the Plans or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted actual fraud or gross negligence. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any Person or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) Reinstated with respect to, or executed to implement the Plan. Notwithstanding anything to the contrary contained herein, other than the releases set forth in the Amazing Glove Settlement and HHF Plan Sponsor Parties Settlement, nothing in this Plan shall release, waive or otherwise limit the rights of all Persons and Entities who have held, hold, or may hold direct, independent Claims against any non-Debtor party.**

3

**Item 4**.  **Certifications.**

By signing this Class [5 or 7] Ballot, the undersigned Entity or Individual certifies to the Bankruptcy Court and the Plan Proponents that:

(a)    the Entity or Individual is the Holder of the [Claim or Interest] being ***provisionally*** voted; or (ii) the Entity or Individual is an authorized signatory for an Entity or Individual that is a Holder of the [Claim or Interest] being ***provisionally*** voted;

(b)    the Entity or Individual (or in the case of an authorized signatory, the Holder) has received the Plan and associated solicitation package and acknowledges that this solicitation is being made pursuant to the terms and conditions set forth therein;

(c)    no other Class [5 or 7] Ballots with respect to the amount of the [Claim or Interest] identified in Item 1 have been cast or, if any other Class [5 or 7] Ballots have been cast with respect to such Claim, then any such earlier Class [5 or 7] Ballots are hereby revoked.

Name of Holder:    _____
                                              (Print or Type)

Signature:    _____

Name of Signatory:    _____
                                             (If other than the Holder)

Title:    _____

Address:    _____

_____

_____

Telephone Number:    _____

Email:    _____

Date Completed:    _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND DELIVER IT TO THE BANKRUPTCY COURT, EITHER  ELECTRONICALLY (BY REGISTERED USERS) OR CONVENTIONALLY AT:**

CLERK OF UNITED STATES BANKRUPTCY COURT
299 E. BROWARD BLVD., ROOM 112
FT. LAUDERDALE, FL 33301

4