**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re:<br><br>Healthcare Holdings of Florida LLC, *et al.*[1]<br><br>       Debtors. | **)**<br>**)**<br>**)**  Chapter 11<br>**)**<br>**)**  Case No. 24-21355-SMG<br>**)**<br>**)**  (Jointly Administered)<br>**)** |

**CERTIFICATE OF PROPONENTS OF HHF PLAN ON**
**ACCEPTANCE OF PLAN, REPORT ON AMOUNT TO BE**
**DEPOSITED, CERTIFICATE OF AMOUNT DEPOSITED AND PAYMENT OF FEES**

The undersigned attorney for the above-captioned debtors and debtors in possession (the "Debtors") certifies the following:

1.     I have examined the court files in this proceeding, particularly as to claims, schedules, and ballots filed.

2.     A total of three ballots were filed on or before the deadline date of May 30, 2025, set by court order dated April 24, 2025 [Docket No. 231].  **Exhibit A** is a summary of ballots submitted by class.  **Exhibit B** is a list of all ballots filed, together with a copy of such ballots. Classes 1, 2, 3-A, 4, 5, and 6 are unimpaired and a ballot was not required.

---

[1] The Debtors and last four digits of their tax identification numbers are: (i) Healthcare Holdings of Florida LLC (6887); (ii) Healthcare Holdings 9 LLC (3633); (iii) HHMA Holdings LLC (3691); (iv) HHMA LLC (3901); (v) Able Palms Holdings, LLC (9363); (vi) Able Palms Home and Health Care Services, Inc. (3931); (vii) Home Care Resources Holdings, LLC (1385), (viii) Home Care Resources Home Health Agency, LLC (0617), (ix) CWGL Holdings, LLC (1945), (x) Senior Nannies Holdings, LLC (5172), (xi) Senior Nannies Management Services, LLC (5336), (xii) SN Home Healthcare, LLC (9996), (xiii) Senior Nannies Home Care Services, LLC (8991), and (xiv) Senior Advantages Assisted Living Placement Services, LLC (1293).  The mailing address of the Debtors is 3313 West Commercial Boulevard, Suite 130, Fort Lauderdale, Florida 33309.

3.	**Exhibit C** lists each creditor to be paid pursuant to the plan.  **Exhibit D** lists disputed, contingent or unliquidated claims included in **Exhibit C**.  Below is a summary of the amount of money to be deposited for confirmation pursuant to plan.

| CLASS | DOLLAR AMOUNT NEEDED FOR CONFIRMATION |
|---|---|
| Class 4 – General Unsecured Claims | $111,664.94 |

4.	As set forth in the declaration of Brian Lechner submitted contemporaneously herewith, Amity Healthcare Holdings, LLC has set aside $119,875.00 for confirmation.  Proof of funds, together with the commitment letter of INB, N.A. to extending funding to pay its claims under the plan, are attached to the declaration.

5.	All fees required by 28 U.S.C. §1930 have been paid.

Dated:   June 3, 2025

Respectfully submitted,

**PACK LAW**
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By:   */s/ Joseph A. Pack*
        Joseph A. Pack
        Email:  joe@packlaw.com
        Florida Bar No. 117882
        Jessey J. Krehl
        Email:  jessey@packlaw.com
        Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

2

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing materials to be served via CM/ECF to all parties registered to receive electronic notice thereby on June 3, 2025.

By:  */s/ Joseph A. Pack*
Joseph A. Pack
Email:  joe@packlaw.com
Florida Bar No. 117882

**Exhibit A**

**SUMMARY OF BALLOTS**

| Class 3-B INB Revolving Loan Claims | | | |
|---|---|---|---|
| Total Acceptances in Dollar Amount | $1,157,331.42 | % of total  = | 100 |
| Total Rejections in Dollar Amount | $0.00 | % of total = | 0 |
| Total # of Acceptances Filed | 1 | % of total = | 100 |
| Total # of Rejections Filed | 0 | % of total = | 0 |
| Class 5 Existing HHF Equity Interests | | | |
| Total Acceptances by Percent Ownership | 100% | % of total  = | 100 |
| Total Rejections by Percent Ownership | 0% | % of total = | 0 |
| Total # of Acceptances Filed | 2 | % of total = | 100 |
| Total # of Rejections Filed | 0 | % of total = | 0 |

**Exhibit B**

**LIST OF ALL BALLOTS FILED**

| BALLOT # | CLASS | NAME OF CREDITOR/ INTEREST HOLDER | AMOUNT SCHEDULED OR CLAIMED | DATE BALLOT FILED WITH COURT | ACCEPTS | REJECTS | SHOULD BE ALLOWED TO VOTE IF NOT, WHY? |
|---|---|---|---|---|---|---|---|
| 1 | 3-B | INB, N.A. | $1,157,331.42 | 5/30/2025 | X | | Yes |
| 2 | 5 | Claudia Wechter | 50% | 5/30/2025 | X | | Provisional (Not Entitled to Vote) |
| 3 | 5 | Gary R. Loffredo | 50% | 5/30/2025 | X | | Provisional (Not Entitled to Vote) |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re:<br><br>Healthcare Holdings of Florida LLC, *et al.*[1]<br><br>Debtors. | )<br>)<br>) Chapter 11<br>)<br>) Case No. 24-21355-SMG<br>)<br>) (Jointly Administered)<br>) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT DEBTORS'**
**JOINT PLAN OF HEALTHCARE HOLDINGS OF FLORIDA, LLC AND**
**ITS DEBTOR SUBSIDIARIES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3-B ALLOWED INB REVOLVING LOAN CLAIM**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR**
**COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT**
**MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS**
**TO BE ACTUALLY RECEIVED BY MAY 30, 2025 AT 4:00 P.M.**
**PREVAILING EASTERN TIME (THE "VOTING DEADLINE")**
**IN ACCORDANCE WITH THE FOLLOWING:**

---

If you are the Holder of an Allowed INB Revolving Loan Claim (Class 3-B), please use this ballot (this "Class 3-B Ballot" or "Ballot") to cast your vote to accept or reject the *Joint Plan of Healthcare Holdings of Florida, LLC and its Debtor Subsidiaries Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented, the "HHF Plan"),[2] which is being proposed by the above-

---

[1] The Debtors and last four digits of their tax identification numbers are: (i) Healthcare Holdings of Florida LLC (6887); (ii) Healthcare Holdings 9 LLC (3633); (iii) HHMA Holdings LLC (3691); (iv) HHMA LLC (3901); (v) Able Palms Holdings, LLC (9363); (vi) Able Palms Home and Health Care Services, Inc. (3931); (vii) Home Care Resources Holdings, LLC (1385), (viii) Home Care Resources Home Health Agency, LLC (0617), (ix) CWGL Holdings, LLC (1945), (x) Senior Nannies Holdings, LLC (5172), (xi) Senior Nannies Management Services, LLC (5336), (xii) SN Home Healthcare, LLC (9996), (xiii) Senior Nannies Home Care Services, LLC (8991), and (xiv) Senior Advantages Assisted Living Placement Services, LLC (1293). The mailing address of the Debtors is 3313 West Commercial Boulevard, Suite 130, Fort Lauderdale, Florida 33309.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning as ascribed to such terms in the Plan.

captioned debtors and debtors in possession (the "Debtors"). The HHF Plan is included in the solicitation package distributed herewith.

You should review the HHF Plan before you vote. You may wish to seek legal advice concerning the HHF Plan and your classification and treatment under the HHF Plan. Your claim has been placed in Class 3-B under the HHF Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by the Bankruptcy Court (either electronically by registered users or conventionally at 299 E. Broward Blvd., Room 112, Ft. Lauderdale, FL 33301), consistent with Local Rule 3018-1, on or before May 30, 2025, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the HHF Plan.

### IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.

### THE VOTING DEADLINE IS MAY 30, 2025.

**Item 1. The Class 3-B Claim.**

| Claimant: INB, N.A. | Claim Amount: $1,157,331.42 |
|---|---|

**Item 2. Vote on HHF Plan.**

The Holder of the Claim set forth in Item 1 votes to (please check only one; check neither to abstain):

☑ **ACCEPT** (vote FOR) the HHF Plan       ☐ **REJECT** (vote AGAINST) the HHF Plan

**Item 3. Important Information Regarding the Proposed Releases.**

Important Information Regarding the Proposed Releases (including the Proposed Releases by Holders of Claims and Interests) are excerpted from the HHF Plan below; please review the HHF Plan and the Disclosure Statement in full. Moreover, please be advised that the language of the proposed releases included herein may be materially modified at such time that the Plan is confirmed.

### Key Definitions

"Released Party" means, collectively, each of the following in their respective capacities as such: (a) all of the Debtors' employees, officers, managers, and directors, including any such persons or Entities retained pursuant to section 363 of the Bankruptcy Code; and (b) with respect to each of the foregoing Persons and Entities in clause (a), such Person's or Entity's predecessors, successors and assigns, subsidiaries, Affiliates, and all of their respective current and former officers, managers, directors, principals, direct and indirect shareholders, direct and indirect members, and employees.

"Releasing Party" means, collectively, each of the following in their respective capacities as such: (a) the Debtors and the Reorganized Debtors; (b) with respect to each of the foregoing

2

Entities in clause (a), such Entities' predecessors, successors and assigns, and all of their respective current and former officers, managers, directors, principals, direct and indirect members, employees, management companies, agents and other professionals, and such persons' respective heirs, executors, estates, servants and nominees; and (c) without limiting the foregoing, each holder of a Claim against or Interest in the Debtors.

## Releases by Holders of Claims and Interests

**Notwithstanding anything contained in this Plan to the contrary, and in all respects subject to the Amazing Glove Settlement and HHF Plan Sponsor Parties Settlement, as of the Effective Date, for good and valuable consideration, each Releasing Party is deemed to have released and discharged each Released Party from any and all Causes of Action that could be brought by or on behalf of any of the Debtors or their Estates, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including management, ownership, or operation thereof), the Debtors' in- or out-of-court restructuring efforts, the Chapter 11 Cases, the Disclosure Statement, the Plans, or the Restructuring Transaction, contract, instrument, release, or other Plan Transaction Document, agreement, or document created or entered into in connection with the Disclosure Statement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plans, or the distribution of property under the Plans or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted actual fraud or gross negligence. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any Person or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) Reinstated with respect to, or executed to implement the Plan. For the avoidance of doubt, other than the releases set forth in the Amazing Glove Settlement and HHF Plan Sponsor Parties Settlement, nothing in this Plan shall release, waive or otherwise limit the rights of all Persons and Entities who have held, hold, or may hold direct, independent Claims against any non-Debtor party.**

## Item 4. Certifications.

By signing this Class 3-B Ballot, the undersigned Entity or Individual certifies to the Bankruptcy Court and the Plan Proponents that:

(a)     the Entity or Individual is the Holder of the Claim being voted; or (ii) the Entity or Individual is an authorized signatory for an Entity or Individual that is a Holder of the Claim being voted;

(b)     the Entity or Individual (or in the case of an authorized signatory, the Holder) has received the Plan and associated solicitation package and acknowledges that this solicitation is being made pursuant to the terms and conditions set forth therein;

3

(c) no other Class 3-B Ballots with respect to the amount of the Claim identified in Item 1 have been cast or, if any other Class 3-B Ballots have been cast with respect to such Claim, then any such earlier Class 3-B Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | INB, National Association |
| | (Print or Type) |
| Signature: | *[signature]* |
| Name of Signatory: | Joshua Ishmael |
| | (If other than the Holder) |
| Title: | Senior Vice President & General Counsel |
| Address: | 322 East Capitol Avenue |
| | Springfield, IL 62701 |
| | |
| Telephone Number: | (217) 747-5887 |
| Email: | jishmael@inb.com |
| Date Completed: | May 30, 2025 |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND DELIVER IT TO THE BANKRUPTCY COURT, EITHER ELECTRONICALLY (BY REGISTERED USERS) OR CONVENTIONALLY AT:**

CLERK OF UNITED STATES BANKRUPTCY COURT
299 E. BROWARD BLVD., ROOM 112
FT. LAUDERDALE, FL 33301

IF THE BANKRUPTCY COURT DOES NOT **ACTUALLY RECEIVE** THIS CLASS 3-B BALLOT **ON OR BEFORE MAY 30, 2025** (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTE TRANSMITTED BY THIS CLASS 3-B BALLOT MAY NOT BE COUNTED TOWARD CONFIRMATION OF THE PLAN.

4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | )   Chapter 11 |
| Healthcare Holdings of Florida LLC, *et al.*[1] | ) |
|  | )   Case No. 24-21355-SMG |
|  | ) |
| Debtors. | )   (Jointly Administered) |
|  | ) |

***PROVISIONAL* BALLOT FOR VOTING TO ACCEPT OR REJECT**
**DEBTORS' JOINT PLAN OF HEALTHCARE HOLDINGS OF FLORIDA, LLC AND**
**ITS DEBTOR SUBSIDIARIES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 5 ALLOWED EXISTING HHF EQUITY INTEREST**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**THIS IS A PROVISIONAL BALLOT ONLY. AS THE HOLDER OF A
CLASS 5 ALLOWED EXISTING HHF EQUITY INTEREST
YOU ARE <u>NOT</u> ENTITLED TO A VOTE.**

**IRRESPECTIVE OF YOUR COMPLETION OF THIS BALLOT, YOUR VOTE
SHALL NOT COUNT TOWARD CONFIRMATION OF THE HHF PLAN
UNLESS THE BANKRUPTCY COURT ORDERS OTHERWISE.**

---

If you are the Holder of an Allowed Existing HHF Equity Interest (Class 5), please use this ballot (this "Class 5 Ballot" or "Ballot") to cast your ***provisional*** vote to accept or reject the *Joint Plan of Healthcare Holdings of Florida, LLC and its Debtor Subsidiaries Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented, the "HHF Plan"),[2] which is being proposed by the above-captioned debtors and debtors in possession (the "Debtors"). The HHF Plan is included in the

---

[1] The Debtors and last four digits of their tax identification numbers are: (i) Healthcare Holdings of Florida LLC (6887); (ii) Healthcare Holdings 9 LLC (3633); (iii) HHMA Holdings LLC (3691); (iv) HHMA LLC (3901); (v) Able Palms Holdings, LLC (9363); (vi) Able Palms Home and Health Care Services, Inc. (3931); (vii) Home Care Resources Holdings, LLC (1385), (viii) Home Care Resources Home Health Agency, LLC (0617), (ix) CWGL Holdings, LLC (1945), (x) Senior Nannies Holdings, LLC (5172), (xi) Senior Nannies Management Services, LLC (5336), (xii) SN Home Healthcare, LLC (9996), (xiii) Senior Nannies Home Care Services, LLC (8991), and (xiv) Senior Advantages Assisted Living Placement Services, LLC (1293). The mailing address of the Debtors is 3313 West Commercial Boulevard, Suite 130, Fort Lauderdale, Florida 33309.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning as ascribed to such terms in the Plan.

solicitation package distributed herewith.  Your vote will **_not_** count toward the confirmation of the HHF Plan unless the Bankruptcy Court orders otherwise.

You should review the HHF Plan before you cast your *provisional* vote. You may wish to seek legal advice concerning the HHF Plan and your classification and treatment under the HHF Plan.  Your interest has been placed in Class 5 under the HHF Plan.  If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

You should submit your *provisional* ballot to the Bankruptcy Court (either electronically by registered users or conventionally at 299 E. Broward Blvd., Room 112, Ft. Lauderdale, FL 33301), consistent with Local Rule 3018-1, on or before May 30, 2025.  Your vote will not count as either an acceptance or rejection of the HHF Plan, irrespective of how or when you vote, unless the Bankruptcy Court orders otherwise.

**THIS IS A PROVISIONAL BALLOT. IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE AND IRRESPECTIVE OF HOW YOU VOTE.**

**THE VOTING DEADLINE IS MAY 30, 2025.**

**Item 1.  The Class 5 Interest.**

| | |
|---|---|
| Interest Holder:<br>Claudia Wechter | This is a provisional ballot only.  Your Class is not entitled to vote. No amount is included. |

**Item 2.  *Provisional* Vote on HHF Plan.**

The Holder of the Interest set forth in Item 1 votes to (please check only one; check neither to abstain):

✓ **ACCEPT** (vote FOR) the HHF Plan ☐ **REJECT** (vote AGAINST) the HHF Plan

**Item 3.  Important Information Regarding the Proposed Releases.**

Important Information Regarding the Proposed Releases (including the Proposed Releases by Holders of Claims and Interests) are excerpted from the HHF Plan below; please review the HHF Plan and the Disclosure Statement in full.  Moreover, please be advised that the language of the proposed releases included herein may be materially modified at such time that the Plan is confirmed.

**Key Definitions**

"Released Party" means, collectively, each of the following in their respective capacities as such: (a) all of the Debtors' employees, officers, managers, and directors, including any such persons or Entities retained pursuant to section 363 of the Bankruptcy Code; and (b) with respect to each of the foregoing Persons and Entities in clause (a), such Person's or Entity's predecessors, successors and assigns, subsidiaries, Affiliates, and all of their respective current and former officers, managers, directors, principals, direct and indirect shareholders, direct and indirect members, and employees.

2

"Releasing Party" means, collectively, each of the following in their respective capacities as such: (a) the Debtors and the Reorganized Debtors; (b) with respect to each of the foregoing Entities in clause (a), such Entities' predecessors, successors and assigns, and all of their respective current and former officers, managers, directors, principals, direct and indirect members, employees, management companies, agents and other professionals, and such persons' respective heirs, executors, estates, servants and nominees; and (c) without limiting the foregoing, each holder of a Claim against or Interest in the Debtors.

<u>Releases by Holders of Claims and Interests</u>

**Notwithstanding anything contained in this Plan to the contrary, and in all respects subject to the Amazing Glove Settlement and HHF Plan Sponsor Parties Settlement, as of the Effective Date, for good and valuable consideration, each Releasing Party is deemed to have released and discharged each Released Party from any and all Causes of Action that could be brought by or on behalf of any of the Debtors or their Estates, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including management, ownership, or operation thereof), the Debtors' in- or out-of-court restructuring efforts, the Chapter 11 Cases, the Disclosure Statement, the Plans, or the Restructuring Transaction, contract, instrument, release, or other Plan Transaction Document, agreement, or document created or entered into in connection with the Disclosure Statement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plans, or the distribution of property under the Plans or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted actual fraud or gross negligence. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any Person or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) Reinstated with respect to, or executed to implement the Plan. For the avoidance of doubt, other than the releases set forth in the Amazing Glove Settlement and HHF Plan Sponsor Parties Settlement, nothing in this Plan shall release, waive or otherwise limit the rights of all Persons and Entities who have held, hold, or may hold direct, independent Claims against any non-Debtor party.**

**<u>Item 4</u>. Certifications.**

By signing this Class 5 Ballot, the undersigned Entity or Individual certifies to the Bankruptcy Court and the Plan Proponents that:

(a) the Entity or Individual is the Holder of the Interest being *provisionally* voted; or (ii) the Entity or Individual is an authorized signatory for an Entity or Individual that is a Holder of the Interest being *provisionally* voted;

(b)    the Entity or Individual (or in the case of an authorized signatory, the Holder) has received the Plan and associated solicitation package and acknowledges that this solicitation is being made pursuant to the terms and conditions set forth therein;

(c)    no other Class 5 Ballots with respect to the amount of the Interest identified in Item 1 have been cast or, if any other Class 5 Ballots have been cast with respect to such Interest, then any such earlier Class 5 Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | __Claudia Wechter_____ |
| | (Print or Type) |
| Signature: | ___/s/ Claudia Wechter_____ |
| Name of Signatory: | _____ |
| | (If other than the Holder) |
| Title: | _____ |
| Address: | ____2385 Executive Center Drive, Suite 300_____ |
| | ____Boca Raton, FL 33431_____ |
| | _____ |
| Telephone Number: | ___561-549-9036_____ |
| Email: | ___Tzeichman@bmulaw.com_____ |
| Date Completed: | _____05/30/2025_____ |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND DELIVER IT TO THE BANKRUPTCY COURT, EITHER  ELECTRONICALLY (BY REGISTERED USERS) OR CONVENTIONALLY AT:**

CLERK OF UNITED STATES BANKRUPTCY COURT
299 E. BROWARD BLVD., ROOM 112
FT. LAUDERDALE, FL 33301

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Healthcare Holdings of Florida LLC, *et al.*[1] | ) |
| | ) Case No. 24-21355-SMG |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

*PROVISIONAL* **BALLOT FOR VOTING TO ACCEPT OR REJECT**
**DEBTORS' JOINT PLAN OF HEALTHCARE HOLDINGS OF FLORIDA, LLC AND**
**ITS DEBTOR SUBSIDIARIES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 5 ALLOWED EXISTING HHF EQUITY INTEREST**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR**
**COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**THIS IS A PROVISIONAL BALLOT ONLY. AS THE HOLDER OF A**
**CLASS 5 ALLOWED EXISTING HHF EQUITY INTEREST**
**YOU ARE NOT ENTITLED TO A VOTE.**

**IRRESPECTIVE OF YOUR COMPLETION OF THIS BALLOT, YOUR VOTE**
**SHALL NOT COUNT TOWARD CONFIRMATION OF THE HHF PLAN**
**UNLESS THE BANKRUPTCY COURT ORDERS OTHERWISE.**

If you are the Holder of an Allowed Existing HHF Equity Interest (Class 5), please use this ballot (this "Class 5 Ballot" or "Ballot") to cast your *provisional* vote to accept or reject the *Joint Plan of Healthcare Holdings of Florida, LLC and its Debtor Subsidiaries Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented, the "HHF Plan"),[2] which is being proposed by the above-captioned debtors and debtors in possession (the "Debtors"). The HHF Plan is included in the

---

[1] The Debtors and last four digits of their tax identification numbers are: (i) Healthcare Holdings of Florida LLC (6887); (ii) Healthcare Holdings 9 LLC (3633); (iii) HHMA Holdings LLC (3691); (iv) HHMA LLC (3901); (v) Able Palms Holdings, LLC (9363); (vi) Able Palms Home and Health Care Services, Inc. (3931); (vii) Home Care Resources Holdings, LLC (1385), (viii) Home Care Resources Home Health Agency, LLC (0617), (ix) CWGL Holdings, LLC (1945), (x) Senior Nannies Holdings, LLC (5172), (xi) Senior Nannies Management Services, LLC (5336), (xii) SN Home Healthcare, LLC (9996), (xiii) Senior Nannies Home Care Services, LLC (8991), and (xiv) Senior Advantages Assisted Living Placement Services, LLC (1293). The mailing address of the Debtors is 3313 West Commercial Boulevard, Suite 130, Fort Lauderdale, Florida 33309.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning as ascribed to such terms in the Plan.

solicitation package distributed herewith. Your vote will **_not_** count toward the confirmation of the HHF Plan unless the Bankruptcy Court orders otherwise.

You should review the HHF Plan before you cast your *provisional* vote. You may wish to seek legal advice concerning the HHF Plan and your classification and treatment under the HHF Plan. Your interest has been placed in Class 5 under the HHF Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

You should submit your *provisional* ballot to the Bankruptcy Court (either electronically by registered users or conventionally at 299 E. Broward Blvd., Room 112, Ft. Lauderdale, FL 33301), consistent with Local Rule 3018-1, on or before May 30, 2025. Your vote will not count as either an acceptance or rejection of the HHF Plan, irrespective of how or when you vote, unless the Bankruptcy Court orders otherwise.

**THIS IS A PROVISIONAL BALLOT. IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE AND IRRESPECTIVE OF HOW YOU VOTE.**

**THE VOTING DEADLINE IS MAY 30, 2025.**

**Item 1. The Class 5 Interest.**

| | |
|---|---|
| Interest Holder: Gary R. Loffredo | This is a provisional ballot only. Your Class is not entitled to vote. No amount is included. |

**Item 2. *Provisional* Vote on HHF Plan.**

The Holder of the Interest set forth in Item 1 votes to (please check only one; check neither to abstain):

✓ **ACCEPT** (vote FOR) the HHF Plan ☐ **REJECT** (vote AGAINST) the HHF Plan

**Item 3. Important Information Regarding the Proposed Releases.**

Important Information Regarding the Proposed Releases (including the Proposed Releases by Holders of Claims and Interests) are excerpted from the HHF Plan below; please review the HHF Plan and the Disclosure Statement in full. Moreover, please be advised that the language of the proposed releases included herein may be materially modified at such time that the Plan is confirmed.

**Key Definitions**

"Released Party" means, collectively, each of the following in their respective capacities as such: (a) all of the Debtors' employees, officers, managers, and directors, including any such persons or Entities retained pursuant to section 363 of the Bankruptcy Code; and (b) with respect to each of the foregoing Persons and Entities in clause (a), such Person's or Entity's predecessors, successors and assigns, subsidiaries, Affiliates, and all of their respective current and former officers, managers, directors, principals, direct and indirect shareholders, direct and indirect members, and employees.

2

"Releasing Party" means, collectively, each of the following in their respective capacities as such: (a) the Debtors and the Reorganized Debtors; (b) with respect to each of the foregoing Entities in clause (a), such Entities' predecessors, successors and assigns, and all of their respective current and former officers, managers, directors, principals, direct and indirect members, employees, management companies, agents and other professionals, and such persons' respective heirs, executors, estates, servants and nominees; and (c) without limiting the foregoing, each holder of a Claim against or Interest in the Debtors.

### Releases by Holders of Claims and Interests

**Notwithstanding anything contained in this Plan to the contrary, and in all respects subject to the Amazing Glove Settlement and HHF Plan Sponsor Parties Settlement, as of the Effective Date, for good and valuable consideration, each Releasing Party is deemed to have released and discharged each Released Party from any and all Causes of Action that could be brought by or on behalf of any of the Debtors or their Estates, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including management, ownership, or operation thereof), the Debtors' in- or out-of-court restructuring efforts, the Chapter 11 Cases, the Disclosure Statement, the Plans, or the Restructuring Transaction, contract, instrument, release, or other Plan Transaction Document, agreement, or document created or entered into in connection with the Disclosure Statement, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plans, or the distribution of property under the Plans or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted actual fraud or gross negligence. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any Person or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) Reinstated with respect to, or executed to implement the Plan. For the avoidance of doubt, other than the releases set forth in the Amazing Glove Settlement and HHF Plan Sponsor Parties Settlement, nothing in this Plan shall release, waive or otherwise limit the rights of all Persons and Entities who have held, hold, or may hold direct, independent Claims against any non-Debtor party.**

### Item 4. Certifications.

By signing this Class 5 Ballot, the undersigned Entity or Individual certifies to the Bankruptcy Court and the Plan Proponents that:

      (a)     the Entity or Individual is the Holder of the Interest being *provisionally* voted; or (ii) the Entity or Individual is an authorized signatory for an Entity or Individual that is a Holder of the Interest being *provisionally* voted;

3

(b)     the Entity or Individual (or in the case of an authorized signatory, the Holder) has received the Plan and associated solicitation package and acknowledges that this solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     no other Class 5 Ballots with respect to the amount of the Interest identified in Item 1 have been cast or, if any other Class 5 Ballots have been cast with respect to such Interest, then any such earlier Class 5 Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | Gary R. Loffredo |
| | (Print or Type) |
| Signature: | /s/ Gary R. Loffredo |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | 2385 Executive Center Drive, Suite 300 |
| | Boca Raton, FL 33431 |
| | |
| Telephone Number: | 561-549-9036 |
| Email: | Tzeichman@bmulaw.com |
| Date Completed: | 05/30/2025 |

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND DELIVER IT TO THE BANKRUPTCY COURT, EITHER  ELECTRONICALLY (BY REGISTERED USERS) OR CONVENTIONALLY AT:**

CLERK OF UNITED STATES BANKRUPTCY COURT
299 E. BROWARD BLVD., ROOM 112
FT. LAUDERDALE, FL 33301

4

**Exhibit C**

**LIST OF CREDITORS TO BE PAID PURSUANT TO THE PLAN**

The following is a list of creditors as provided for by the plan under consideration. These creditors are indicated by class and amount as scheduled or claimed.  The dividend to be paid pursuant to the plan is indicated.  (Indicate claim number as reflected in the claims register).  Total each individual class.

| Class | Name of Creditor | Claim Number[1] | Scheduled and/or Claimed Amount | First Dividend to be Paid Pursuant to Plan |
|---|---|---|---|---|
| 4 | Advanced Care Solution | 3.1 (24-21359) 3.1 (24-21362) | $5,089.41 | $5,089.41 |
| 4 | Agape Complete Health and Ministry | 3.2(24-21362) | $4,702.50 | $4,702.50 |
| 4 | American Express National Bank[2] | 3.1 (24-21355) 3.2 (24-21359) 3.3 (24-21362) | $19,500.00 | $19,500.00 |
| 4 | First Citizens Bank & Trust Company | 2-1 (24-21355) 3-1 (24-21355) 4-1 (24-21355) | $51,981.99 | $51,981.99 |
| 4 | Marlin Leasing Corporation | 1-1 (24-21355) | $11,169.04 | $11,169.04 |
| 4 | Synergy Consulting Services II, Inc | 3.4 (24-21362) | $5,352.86 | $5,352.86 |
| 4 | UnitedHealthcare Insurance Company | 1-1 (24-21362) | $11,228.14 | $11,228.14 |
| 4 | WellSky Corporation | 3.5 (24-21362) | $2,641.00 | $2,641.00 |

---

[1]  Claims indicated with a ".." represent a scheduled claim, while claims indicted with a "-" represent a proof of claim.  For all claims, the case number of the relevant debtor is in parentheses.

[2]  Some or all of these claims may have been paid in the ordinary course of business and consistent with the Court's *Order Granting Debtors' Motion for Entry Of Comfort Order Authorizing the Debtors to Continue Utilizing American Express Accounts in the Ordinary Course of Business* [Docket No. 177] and related order.  For the avoidance of doubt, the HHF Debtors have sufficient funds for confirmation if the full amount of these claims are due and owing, but under no circumstances will pay any portion of these claims that have already been paid.

**Exhibit D**

**LIST OF DISPUTED, CONTINGENT OR UNLIQUIDATED CLAIMS**

The following is a list of disputed, contingent or unliquidated claims.

| Class | Name of Creditor | Claim Number | Scheduled and/or Claimed Amount | Status of Claim |
|---|---|---|---|---|
| - | Bryan Solomon | 6-1 (24-21355) | $1,600,000.00 | Pending Objection [Dkt. No. 175] |
| - | Brett Feldman | 7-1 (24-21355) | $1,500,000.00 | Pending Objection [Dkt. No. 176] |