

**ORDERED in the Southern District of Florida on June 13, 2025.**

_Scott M. Grossman_

**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| Healthcare Holdings of Florida LLC, *et al.*[1] | ) |
| | ) Case No. 24-21355-SMG |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER (I) APPROVING THE DEBTORS' DISCLOSURE STATEMENT,**
**(II) CONFIRMING (A) JOINT PLAN OF HEALTHCARE HOLDINGS OF**
**FLORIDA, LLC AND ITS DEBTOR SUBSIDIARIES, AND (B) JOINT PLAN OF CWGL**
**HOLDINGS, LLC AND ITS DEBTOR SUBSIDIARIES, AND (III) GRANTING**
***EXPEDITED* MOTION TO MODIFY JOINT PLANS OF REORGANIZATION**

---

1 The Debtors and last four digits of their tax identification numbers are: (i) Healthcare Holdings of Florida LLC (6887); (ii) Healthcare Holdings 9 LLC (3633); (iii) HHMA Holdings LLC (3691); (iv) HHMA LLC (3901); (v) Able Palms Holdings, LLC (9363); (vi) Able Palms Home and Health Care Services, Inc. (3931); (vii) Home Care Resources Holdings, LLC (1385), (viii) Home Care Resources Home Health Agency, LLC (0617), (ix) CWGL Holdings, LLC (1945), (x) Senior Nannies Holdings, LLC (5172), (xi) Senior Nannies Management Services, LLC (5336), (xii) SN Home Healthcare, LLC (9996), (xiii) Senior Nannies Home Care Services, LLC (8991), and (xiv) Senior Advantages Assisted Living Placement Services, LLC (1293). The mailing address of the Debtors is 3313 West Commercial Boulevard, Suite 130, Fort Lauderdale, Florida 33309.

THIS MATTER came before the Court for hearing on June 10, 2025 (the "Combined Hearing" or "Confirmation Hearing") to consider the *Combined Disclosure Statement for (I) Joint Plan of Healthcare Holdings of Florida, LLC and its Debtor Subsidiaries, and (II) Joint Plan of CWGL Holdings, LLC and its Debtor Subsidiaries, Each Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 205] (the "Disclosure Statement"), the *Joint Plan of Healthcare Holdings of Florida, LLC and its Debtor Subsidiaries Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 206] (as modified by the Modify Motion, the "HHF Plan"), the *Joint Plan of CWGL Holdings, LLC and its Debtor Subsidiaries Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 207] (as modified by the Modify Motion, the "CWGL Plan" and together with the HHF Plan, the "Plans" or individually a "Plan"), the *Debtors' Memorandum of Law in Support of an Order Approving the Debtors' Disclosure Statement for, and Confirming, (I) Joint Plan of Healthcare Holdings of Florida, LLC and its Debtor Subsidiaries, and (II) Joint Plan of CWGL Holdings, LLC and its Debtor Subsidiaries, Each Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 276] (the "Confirmation Brief"), and the *Debtors'* Expedited *Motion to Modify Joint Plans of Reorganization* [Docket No. 280] (the "Modify Motion");[2] and the Court having found that notice of the Confirmation Hearing and the opportunity for any party in interest to object to approval of the Disclosure Statement and confirmation of the Plans have been adequate and appropriate as to all parties affected or to be affected by the Plans and the transactions contemplated thereby; and the legal and factual bases set forth in the documents filed in support of approval of the Disclosure Statement and confirmation of the Plan and other evidence presented at the Confirmation Hearing and the record of these Chapter 11 Cases establish just cause for the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in, as applicable, the Disclosures Statement, the Plans, the Confirmation Brief, and/or the Modify Motion.

relief granted herein; and after due deliberation thereon and good cause appearing therefor; the Court makes and issues the following findings of fact and conclusions of law, and orders:

**<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>**

**IT IS DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:**

1. <u>Findings of Fact and Conclusions of Law</u>. The findings and conclusions set forth herein and in the record of the Combined Hearing constitute the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

2. <u>Jurisdiction</u>. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the District Court's general order of reference.  Confirmation of the Plans and approval of the Disclosure Statement is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. <u>Judicial Notice</u>. The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the clerk of the Bankruptcy Court, including, without limitations, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases.

4. <u>Resolution of Objections</u>. Any objections to confirmation of the Plan or approval of the Disclosure Statement that were resolved on the record at the Combined Hearing are hereby resolved and the grounds for such resolutions are hereby incorporated by reference.  All unresolved objections, statements, informal objections, and reservations of rights, if any, related to the Plans, the Disclosure Statement, or confirmation of the Plan are hereby overruled on the merits.

5.    Burden of Proof. As the proponent of the Plans, the Debtors have the burden of proving that the applicable elements of section 1129(a) of the Bankruptcy Code are satisfied by a preponderance of the evidence, the applicable evidentiary standard for confirmation of a chapter 11 plan.  The Debtors have met their burden and the Plans may be confirmed.

6.    Adequacy of Notice. As evidenced by the Combined Hearing Notice and the certificate of service therefor, due, adequate, and sufficient notice of the Disclosure Statement, the Plans, and the Combined Hearing, together with the deadline and procedures to object to approval of the Disclosure Statement and confirmation of the Plan, has been provided to all parties in interest in these Chapter 11 Cases.  Such notice was adequate and sufficient pursuant to section 1128 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3020, and all other applicable laws and rules, and no other or further notice is or shall be required.

7.    Adequacy of the Disclosure Statement. The Disclosure Statement contains (a) sufficient information of a kind necessary to satisfy the disclosure requirements of all applicable nonbankruptcy laws, rules, and regulations, and (b) "adequate information" (as such term is defined in section 1125(a) of the Bankruptcy Code and used in section 1126(b) of the Bankruptcy Code) with respect to the Debtors, the Plans, and the transactions contemplated therein.  The filing of the Disclosure Statement with the clerk of the Court satisfied Bankruptcy Rule 3016(b).

8.    Adequacy of the Solicitation Procedures. The procedures used by the Debtors to solicit and tabulate votes to accept or reject the Plans, as approved in the Scheduling Order and described in the Confirmation Brief and Proponents' Reports, were appropriate and complied with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other

applicable rules, laws, and guidelines, including any and all relevant exemptions from and exceptions to the registration requirements of the Securities Act.

9.      Approval of the Modifications. The Modifications set forth in the Modify Motion complied with section 1127 of the Bankruptcy Code and do not adversely affect the treatment of the Holder of any Claim or Interest under the Plans.  The Debtors were not required to re-solicit the Plans as modified, and the prior acceptance of the Plans by Holders of Claims and Interests may be applied to, and used in connection with, confirmation of the Plans as modified by the Modifications.  Good cause exists to grant the Modify Motion.

10.      Compliance with Bankruptcy Code Requirements. The Debtors have complied and the Plans do comply with the applicable provisions of the Bankruptcy code, including but not limited to sections 1122, 1123, 1125, and 1129 of the Bankruptcy Code, and the Plans should be confirmed.

11.      Settlement, Releases, Exculpation, Injunction, and Cancellation of Liens. The Plans each describe certain releases granted by the Debtors (the "Debtor Release") and certain releases by Holders of Claims and Interests treated under the Plans (the "Holder Release"), each as more specifically described in the Plans, and each of the Plans describe certain exculpation for the Exculpated Parties (the "Exculpation Provision"), a release of liens (the "Release of Liens"), and an injunction (the "Injunction Provision").  The Court has jurisdiction under sections 1334(a) and 1334(b) of title 28 of the United States Code and authority under section 105 of the Bankruptcy Code to approve each of the Debtor Release, the Holder Release, the Exculpation Provision, the Release of Liens, and the Injunction Provision, in each case as set forth or modified herein.  As has been established based upon the evidence presented at the Combined Hearing, such provisions (a) were given in exchange for good, valuable, and adequate consideration after due notice and

5

opportunity for hearing, (b) are appropriately tailored under the facts and circumstances of these Chapter 11 Cases, (c) were integral to the agreements among the various parties in interest and are essential to the formulation and implementation of the Plans, as provided in section 1123 of the Bankruptcy Code, (d) confer substantial benefits on the Estate, (e) are fair, equitable, and reasonable, and (f) are in the best interests of the Debtors, their Estates, and parties in interest. Further, the failure to implement the Debtor Release, Holder Release, Exculpation Provision, the Release of Liens, and Injunction Provision would impair the Debtors' ability to confirm and implement the Plans. In accordance with the foregoing, the Debtor Release, Holder Release, Exculpation Provision, the Release of Liens, and Injunction Provision are consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable laws, rules, and regulations.

12. <u>Good Faith</u>. The Plans each satisfy the requirements of section 1129(a)(3) of the Bankruptcy Code. The Debtors proposed the Plans in good faith and not by any means forbidden by law. Each of the Debtors, the CWGL Plan Sponsors, and the HHF Plan Sponsor Parties have conducted themselves during the Chapter 11 Cases and negotiated the Plans and related transactions in good faith as such term is used in the Bankruptcy Code including, for the avoidance of doubt, sections 363(m) and 1129(a)(3) of the Bankruptcy Code. In so determining, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the contents of and circumstances leading to the creation of the Plans itself, the process leading to the Confirmation of the Plan, and the transactions contemplated thereunder and to be implemented pursuant thereto. The Chapter 11 Cases were filed, and the Plans were proposed, with the legitimate purpose of allowing the Debtors to orderly effectuate the reorganizations set forth in the Plans.

**BASED ON THE FOREGOING, IT IS ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:**

13.     <u>Findings of Fact and Conclusions of Law</u>. The findings and conclusions set forth herein and in the record of the Combined Hearing constitute the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

14.     <u>Disclosure Statement</u>. The Disclosure Statement: (a) complies in all respects with any disclosure requirements of any applicable nonbankruptcy law, rule or regulation; (b) contains "adequate information" (as such term is defined in section 1125(a)(1) and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtors, the Plans, and the transactions contemplated therein and complies with any additional requirements of the Bankruptcy Code and the Bankruptcy Rules; and (c) is approved in all respects.   The Disclosure Statement is **APPROVED** on a final basis.

15.     <u>Modify Motion</u>. The Modify Motion is **GRANTED**.  Specifically, the following Modifications, as set forth in the Modify Motion, are approved:

      i.     The definition of "Released Party" in Article I.A.73 of the CWGL Plan and Article I.A.66 of the HHF Plan shall be stricken in its entirety and replaced with the following language: "Released Party" means, collectively, each of the following in their respective capacities as such: (a) each of the Debtors in the jointly administered Chapter 11 Cases; (b) as to each such Debtor, the Estates thereof and Reorganized Debtors; (c) any Entity owned or managed by any of the Debtors; and (d) Claudia Wechter and Gary R. Loffredo as officers, managers, and equity interest holders of the Debtors.

      ii.    The "Holder Release" contained in Article VIII.C of each of the Plans shall be edited such that the final sentence (beginning with "For the avoidance" and ending with "any non-Debtor party.") shall be moved to the first sentence.

iii.    The "Exculpation Provisions" contained in Article VIII.E of each of the Plans shall be amended as follows: (i) the clause beginning with "provided, further, that each Exculpated Party" and ending with "or in connection with, the Plan" shall be stricken, and (ii) the words "or after the Effective Date" shall be appended to the Exculpation Provisions after the words "prior to the Petition Date" and before the final period.

iv.    The typographical error referencing "Intercompany Interests" in Article III.B.9 of the CWGL Plan shall be corrected to read "Intercompany Claims," consistent with the remainder of such section.

16.    <u>Confirmation of the Plans</u>. Each of the Plans is approved in its entirety and **CONFIRMED** under section 1129 of the Bankruptcy Code.  The terms of the Plans, including the Modifications thereto, are incorporated by reference into and are an integral part of this Confirmation Order.

17.    <u>Objections</u>. All objections and all reservations of rights pertaining to Confirmation of the Plans or approval of the Disclosure Statement that have not been withdrawn, waived, or settled are **OVERRULED** in their entirety on the merits.

18.    <u>Deemed Acceptance of the Plan as Modified</u>. The Debtors have modified or may modify the Plans from time to time, with the consultation and consent in writing by INB, N.A. if such modifications impact INB, N.A., to address concerns raised by parties in interest, to make certain nonmaterial clarifications, or to bring about the Effective Date.  Such modifications of the Plans were and shall be immaterial and comply with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.  Accordingly, no additional solicitation or disclosure was or shall be required on account of any such modifications and all Holders of Claims and Interests who voted to accept the Plans or who are conclusively presumed to accept the Plans are deemed to have accepted the Plans as modified, revised, supplemented, or otherwise amended.  No Holder of a Claim or Interest shall be permitted to change its vote as a consequence of any such modifications of the Plans.

8

19.     INB Fees. At the Confirmation Hearing, and consistent with paragraph 18 hereof, the Court was advised that the Debtors and INB have agreed to a reallocate INB's legal fees and costs (the "INB Fees") incurred in connection with the Bankruptcy Cases to provide that $50,000 of the INB Fees will be allocated as an INB Revolving Loan Claim treated under the revolving line of credit set forth in the HHF Plan, and the balance, up to the total amount of $270,000 (inclusive of the $50,000), will be allocated as an INB Secured Claim treated under the revolving line of credit set forth in the CWGL Plan, each of which shall be treated as draws against such lines of credit and to be effective as of the Effective Date of the Plans.  Further, INB has agreed to waive the loan origination fees provided for in the Plans.  As these changes have been agreed upon by all interested parties and are not material, the Plans are deemed amended to reflect these changes.

20.     Omission of Reference to Particular Plan Provisions. The failure specifically to include or to refer to any particular article, section, or provision of the Plans in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provisions, it being the intent of the Court that the Plans and any related documents be confirmed and approved in their entirety.

21.     Binding Effect. Upon the occurrence of the Effective Date, the terms of the Plans are immediately effective and enforceable and deemed binding on the Debtors, the Reorganized Debtors, any and all Holders of Claims or Interests (regardless of whether such Holders of Claims or Interests have, or are deemed to have, accepted the Plans), the United States Trustee, the bank or banks at which the Debtors maintain bank account or debtor in possession bank accounts, all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plans, and each Entity acquiring property under the Plans.

9

22.     <u>Vesting of Assets in the Reorganized Debtors</u>. All property of the Estates, including all claims, rights, and Retained Causes of Action and any property owned by the Debtors as of or after the Petition Date, shall revest in the respective Reorganized Debtors on the Effective Date free and clear of all Claims, Liens, charges, other encumbrances and Interests, except as specifically provided in the Plan, the Final Order Authorizing Use of Cash Collateral [Docket No. 115], the INB loan and security documents executed pursuant to the Plans, or this Confirmation Order.  The Reorganized Debtors may operate the Debtors' business and may use, acquire, and dispose of all such property free of any restrictions of the Bankruptcy Code and the Bankruptcy Rules, including without limitation, to make any distributions required under the Plans, as set forth in the Plans.

23.     <u>Treatment of Executory Contracts and Unexpired Leases</u>. Except as otherwise provided for in the Confirmation Order or other orders of this Court, entry of the Confirmation Order shall constitute a Court order approving the assumption of all of the Debtors' Executory Contracts and Unexpired Leases.

24.     <u>Separate Plans</u>. The Plans shall each be deemed to constitute a separate sub-plan for each of the Debtors proposing such Plan and each Class of Claims against or Interests in the Debtors shall be deemed to constitute separate sub-Classes of Claims against and Interests in each of the Debtors, as applicable.

25.     <u>Release, Exculpation, Discharge, and Injunction Provisions</u>. The release, exculpation, discharge, injunction, and related provisions set forth in Article VIII of each of the Plans shall be, and hereby are, approved and authorized in their entirety, subject in all respects to the Modifications set forth in the Modify Motion, and shall be immediately effective and binding

10

upon the Effective Date without further action or notice by this Court, any of the Parties subject to such provisions, or any other party.

26.     Comprehensive Settlement of Claims and Controversies. Pursuant to Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided under the Plans, the provisions of the Plans will constitute a good-faith compromise and settlement of all Claims or controversies relating to the rights that a Holder of a Claim or Interest may have with respect to any Allowed Claim or Allowed Interest or any distribution to be made pursuant to the Plans on account of any Allowed Claim or Allowed Interest.  The entry of this Confirmation Order constitutes the Court's approval, as of the Effective Date, of the compromise or settlement of all such claims or controversies and the Court's finding that all such compromises or settlements are in the best interests (i) of the Debtors, the Reorganized Debtors, the Estates, and (ii) Claim and Interest Holders, and are fair, equitable, and reasonable.

27.     Reporting Requirements. Until the Effective Date, the Debtors shall continue to each file the UST Form 11-MOR, Monthly Operating Report.  Within two business days of the Effective Date, the Reorganized Debtors and any other authorized parties who have been charged with administering the Confirmed Plan shall file a Notice of Occurrence of the Effective Date, identifying the Effective Date and indicating that it has occurred.  Following the Effective Date of the Confirmed Plans, the Reorganized Debtors and any other authorized parties who have been charged with administering the Confirmed Plan shall file, for each Reorganized Debtor entity, the UST Form 11-PCR, Post Confirmation Report, every calendar quarter and shall timely pay the U.S. Trustee Quarterly Fees until the earlier of: (1) the entry of a Final Decree; (2) the conversion of the Chapter 11 Cases to a case under another chapter; or (3) the dismissal of the Chapter 11 Cases.

28.    Exemption from Certain Transfer Taxes and Recording Fees. To the fullest extent permitted by section 1146(a) of the Bankruptcy Code, any transfers of property under the Plans shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, sales or use tax, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment.  All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of section 1146(c) of the Bankruptcy Code, shall forego the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

29.    Retention of Jurisdiction. The provisions governing the retention of jurisdiction set forth in Article XI of the Plans shall be, and hereby are, approved in their entirety.  The Court shall retain exclusive jurisdiction over the matters arising in, and under, and related to, the Chapter 11 Cases, as set forth in Article XI of the Plan and section 1142 of the Bankruptcy Code.

30.    Immediate Binding Effect. Subject to Article IX of the Plans and notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062 or otherwise, upon the occurrence of the Effective Date, the Plans shall be immediately effective and enforceable to the fullest extent permitted under the Bankruptcy Code and applicable non-bankruptcy law.

12

31.     Conflicts Between the Plan and Other Documents and Orders. Except as set forth in the Plans, to the extent that any provision of the Disclosure Statement or any other documents referenced in the Plans (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Plans, the Plans shall govern and control; *provided*, *however*, that with respect to any conflict or inconsistency between the Plans and this Confirmation Order, this Confirmation Order shall govern and control.

32.     Nonseverability of Plan Provisions upon Confirmation. Each provision of each of the Plans is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plans and may not be deleted or modified without the consent of the Debtors and except as otherwise provided herein; and (c) non-severable and mutually dependent.  Each provision of this Confirmation Order is nonseverable and mutually dependent on each other term of this Confirmation Order and the Plans.

33.     Approval of Conditions Precedent to Effective Date. The Conditions precedent to the Effective Date set forth in Article IX.A of each of the Plans are hereby approved. The Effective Date shall occur upon the satisfaction or waiver of such conditions precedent, as set forth in the Plans and subject to the terms and conditions therein.

34.     Effect of Non-Consummation. If the Effective Date does not occur and the Debtors file a notice withdrawing one or both of the Plans, then: (a) the respective Plan and this Confirmation Order will be null and void in all respects; (b) any settlement or compromise embodied in such Plan or this Confirmation Order, assumption or rejection of Executory Contracts or Unexpired Leases effected by such Plan, and any document or agreement executed pursuant to such Plan will be null and void in all respects; and (c) nothing contained in such Plan or this Confirmation Order shall (i) constitute a waiver or release of any Claims, Interests, or Causes of

13

Action, (ii) prejudice in any manner the rights of such Debtors or any other Entity with respect to such Debtors, or (iii) constitute an admission, acknowledgement, offer, or undertaking of any sort by such Debtors or any other Entity with respect to such Debtors, and all parties shall revert to the status quo as if this Confirmation Order had not been entered.

35.     Substantial Consummation. On the Effective Date, each Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

36.     Waiver of Stay. For good cause shown, the stay of this Confirmation Order provided by any Bankruptcy Rule is waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

37.     Final Order. This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.

###

**Submitted by:**
Joseph A. Pack, Esq.
*Attorney for the Debtors and Debtors-in-Possession*
Pack Law, P.A.
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Tel: 305-916-4500
Email: joe@packlaw.com

Attorney Joseph A. Pack, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF pursuant to applicable rules.